No. 99-499

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 195N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RENEE LAMBERT,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable Russell C. Fagg, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Mark English, Deputy Yellowstone County Public Defender,

Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General; Cregg W. Coughlin, Assistant

Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney; Michelle Friend, Deputy

Yellowstone County Attorney, Billings, Montana

_____

Submitted on Briefs: January 13, 2000

Decided: July 18, 2000

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

1. ¶Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

2. ¶Appellant Renee Lambert (Lambert) appeals from the judgment and order of the Thirteenth Judicial District Court.

3. ¶We affirm.

4. ¶The following issue is presented on appeal:

5. ¶Whether the District Court erred in denying Lambert's motion to dismiss for lack of speedy trial.

## Standard of Review

1. ¶We review a district court's conclusions of law *de novo* to determine whether they are correct. *See* Steer, Inc. v. Dept. Of Revenue (1990), 245 Mont. 470, 474-75, 803 P.2d 601, 603. We review a district court's findings of fact to determine whether they are clearly erroneous. *See* Interstate Production Credit v. DeSaye (1991), 250 Mont. 320, 323, 820 P.2d 1285, 1287.

## Factual and Procedural Background

1. ¶In July, 1998 the State charged Lambert with felony escape. At the time of her escape, Lambert had been placed at the Butte PreRelease Center while serving a term of imprisonment with the Montana Women's Correctional Center on convictions for felony burglary and criminal mischief. On July 23, 1998 the District

Court set trial for November 16, 1998. On the Omnibus Status Report and Order that was filed in September, 1998, Lambert's counsel placed a handwritten note stating that "Defendant does not intend to file any motions. Case should be resolved without a trial." Thereafter, Lambert was apparently moved from the Montana Women's Prison in Billings to a facility in Gallup, New Mexico. Lambert was not tried in November, 1998. On November 30, 1998 the District Court filed an order directing that Lambert be transported from New Mexico to the Montana Women's Prison. The record does not indicate when Lambert was returned to Montana from New Mexico. In March, 1999 the District Court set Lambert's trial for May 10, 1999. The District Court's Order stated simply that "[t]his case was one of many to be tried, but one of the other cases set was tried, making it necessary to reschedule this case."

2. ¶In April, 1999 Lambert moved to dismiss her case for lack of speedy trial. She did not receive a trial in May, 1999. In June, 1999 the District Court denied her motion to dismiss for lack of speedy trial and set her case for trial on June 19, 1999. On June 17, 1999 Lambert moved the District Court to continue her case for a change in plea and for sentencing. On June 29, 1999 Lambert pled guilty to felony escape but reserved her right to appeal the District Court's denial of her speedy trial motion. The District Court committed Lambert to the Department of Corrections for two years. From the District Court's Order and Judgment Lambert appeals.

## Discussion

1. ¶Whether the District Court erred in denying Lambert's motion to dismiss for lack of speedy trial.

2. ¶Lambert argues that the District Court erred in denying her motion to dismiss for lack of speedy trial (hereafter, speedy trial motion). She argues that the delay between her arraignment and her last trial date in June, 1999 was 328 days, triggering a speedy trial analysis. We note, however, that Lambert based her speedy trial motion on the delay between her arraignment and her trial date in May, 1999, which she asserted was 293 days. Lambert now argues that her trial was delayed because the State failed to make her available for her trial; she argues further that she asserted her right to speedy trial in a timely manner. Lambert asserts that the State has failed to show that she was not prejudiced by the impact of the pretrial delay on the length of her incarceration, the burdensome nature of her incarceration, and her parole eligibility. Lambert contends further that she "may not have had a case with a triable issue and the delay in her trial may not have impaired a non-

existent defense, but the State should not be rewarded for transporting her to New Mexico[,] causing her to miss her initial trial."

3. ¶The State responds that the District Court correctly denied her speedy trial motion. The State argues that the correct time period for speedy trial purposes is that between the time when Lambert was charged by Information and her May, 1999 trial date, the period that Lambert addressed in her motion for speedy trial (hereafter, the delay). The State concedes that the length of the delay is 293 days, that this delay triggers a speedy trial analysis, and that the State therefore has the burden to show "a lack of overall prejudice to the defendant." Nor does the State dispute that the delay is chargeable to the State and that Lambert made a timely assertion of her right to speedy trial.

4. ¶The State contends, however, that Lambert suffered no pretrial incarceration as a result of the escape charge or the delay because she was already incarcerated. The State asserts that "a denial of parole or [Lambert's] placement in high [prison] security were most likely administrative consequences of Lambert's escape and not due to the pendency of the criminal charge." The State asserts further that Lambert's defense was not prejudiced by the delay. The State argues that "Lambert had no factual defenses" and notes that her attorney stated on the Omnibus form that the case would likely be resolved without a trial. Further, the State notes that Lambert "never contended" that the delay impaired her ability to present a defense.

5. ¶Whether a defendant has been denied her right to speedy trial is a question of constitutional law. *See* State v. Small (1996), 279 Mont. 113, 116, 926 P.2d 1376, 1378 (citations omitted). Since 1972, this Court has followed the general guidelines set forth in Barker v. Wingo (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, in evaluating claims that a defendant was denied her right to speedy trial under Article II, Section 24 of the Montana Constitution and the Sixth Amendment of the United States Constitution. *See, e.g.*, State v. Sanders (1973), 163 Mont. 209, 213, 516 P.2d 372, 375. In City of Billings v. Bruce, 1998 MT 186, 290 Mont. 148, 965 P.2d 866, we set forth a new method for application of the speedy trial factors in *Barker*.

6. ¶Applying *Bruce*, we agree that the length of the delay in the present case triggers a speedy trial analysis, as more than 200 days elapsed between Lambert's arrest and her trial. *See Bruce*, ¶ 55 (concluding 200 days of delay triggers speedy trial analysis). We agree with the District Court that the delay of approximately 293 days is chargeable to the State. *Compare* State v. Puzio (1979), 182 Mont. 163, 167, 595 P.2d 1163, 1165 (concluding institutional delay is chargeable to the State). Because the delay attributable to the State is more than 275 days, the State has the burden of

showing that Lambert was not prejudiced by the delay. *See Bruce*, ¶ 56 (concluding "when it has been demonstrated that 275 days of delay is [sic] attributable to the State, the burden should shift to the State to demonstrate that the defendant has not been prejudiced by the delay"). We note, however, the further conclusion in *Bruce* that "[t]he State's proof [that pre-trial delay has not prejudiced a defendant] should take into consideration, but need not include, all three traditional bases for prejudice: (a) pretrial incarceration, (b) anxiety and all of its attendant considerations, and (c) impairment of the defense. . . . Once the State has demonstrated lack of prejudice based on one or more of these considerations, the burden will then shift to the defendant to demonstrate prejudice . . . ." *Bruce*, ¶ 56.

7. ¶As Lambert asserted her right to speedy trial before her trial, she made a timely assertion of that right. *See Bruce*, ¶ 57 (concluding defendant must assert right to speedy trial before commencement of trial).

8. ¶We next consider whether the State has established that Lambert was not prejudiced by the delay, and "we look to the problems the speedy trial guarantee is intended to prevent: (1) pretrial incarceration, (2) anxiety and concern, and (3) impairment of defense." *Bruce*, ¶ 68. Beginning with Lambert's pretrial incarceration, we address each one of these considerations in turn.

9. ¶Throughout Lambert's pretrial incarceration, she served a prison sentence; her discharge date was December 5, 1999. The District Court determined and we agree that Lambert's pretrial incarceration for other charges shifted the burden regarding prejudice back to Lambert. Lambert argues, however, that the District Court erred in "discount[ing] that Lambert . . . had been placed in a high security section of the prison." Lambert also appears to argue that her parole eligibility was prejudiced by the delay. We agree with the State that "a denial of parole or [Lambert's] placement in high security were most likely administrative consequences of Lambert's escape and not due to the pendency of the criminal charge." Lambert's suggestion that her pretrial incarceration was extended or made more burdensome as a result of the delay is without support in the record. We conclude that the State has demonstrated that Lambert was not prejudiced by her pretrial incarceration.

10. ¶We note that on appeal, Lambert does not claim that she suffered anxiety and concern as a result of the delay. We therefore decline to address this consideration under *Bruce*.

11. ¶Finally, we address whether the delay impaired Lambert's defense. As previously noted, Lambert argues that she "may not have had a case with a triable issue and the delay in the trial may not have impaired a non-existent defense, but the State should not be rewarded for transporting her to New Mexico[,] causing her to miss her initial

trial." Lambert does not claim, however, that the delay impaired her defense. Rather, the gist of her argument is that the State has an affirmative duty to try cases speedily; this argument begs the question whether the delay *impaired* her defense. In the absence of a claim that the delay impaired her defense, and in light of her counsel's concession on the Omnibus form that the case would be resolved without a trial, we conclude that the delay did not impair Lambert's defense.

12. ¶We hold that the District Court did not err in denying Lambert's motion for speedy trial.

13. ¶Affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ J. A. TURNAGE

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ WILLIAM E. HUNT, SR.