No. 99-252

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 175

STATE OF MONTANA,

Plaintiff and Respondent,

v.

DOUG BOESE,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Thomas McKittrick, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Kristina L. Guest, Appellate Defender, Helena, Montana

For Respondent:

Hon. Mike McGrath, Attorney General; Stephen C. Bullock,

Assistant Attorney General, Helena, Montana

Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: April 26, 2001
Decided: August 23, 2001

Filed:

_____

Clerk

Justice Terry N. Trieweiler delivered the Opinion of the Court.

¶1 The Defendant, Doug Boese, was charged by Information in the District Court for the Eighth Judicial District in Cascade County with issuing bad checks in violation of § 45-6-316, MCA, on October 30, 1996. Boese filed a motion to dismiss for violating his right to a speedy trial. The District Court did not rule on the motion. A one-day trial commenced on November 30, 1998. On the morning of trial, Boese filed another motion to dismiss based on double jeopardy grounds and denial of his right to a speedy trial. After a jury found Boese guilty of issuing bad checks, the District Court denied this motion to dismiss. Boese appeals the denial of his motion. We affirm the order of the District Court.

¶2 The sole issue on appeal is whether the District Court erred by denying Boese's motion to dismiss for failure to provide him with a speedy trial.

## FACTUAL BACKGROUND

¶3 On October 30, 1996, the State filed an Information against Doug Boese, charging him with issuing bad checks, a felony, in violation of § 45-6-316, MCA. Boese was arrested on December 17, 1996. Additional charges, unrelated to the initial charge against Boese, were filed a week later. The arresting officer neglected to return the served warrant which led to a delay in the arraignment of Boese and, therefore, his arraignment for the charge in this case did not take place until April 24, 1997.

¶4 On June 18, 1997, Boese filed his first motion to dismiss for failure to provide a speedy trial. On July 22, 1997, however, he entered a plea agreement related to the several charges pending against him. A change of plea hearing was scheduled for later that month, but Boese missed the hearing. The hearing was rescheduled for July 31, 1997, at which Boese pled guilty to forgery, a felony, and in return the District Court dismissed this matter. The District Court set sentencing for August 28, 1997, and continued the bond as previously set. When Boese did not show up for the sentencing hearing, he was arrested the next day for bail-jumping. Although the District Court attempted to reset the sentencing hearing on October 9, 1997, Boese withdrew the guilty plea he entered on July

31, 1997.

¶5 Subsequently, on November 5, 1997, Boese entered into another plea agreement which encompassed all charges pending against him, and again the District Court granted a motion to dismiss this matter; however, he changed his mind and refused to honor the plea agreement. A trial date was reset for April 6, 1998.

¶6 A few days prior to trial, the District Court granted Boese's request to vacate the trial date and change his plea. After a continuance requested by Boese, the State moved to reset the trial date for November 30, 1998. On the day of the trial, Boese filed a motion to dismiss on grounds of double jeopardy and a violation of the right to a speedy trial. Although the District Court took it under advisement, it did not consider the latter motion until after the trial ended. After a one-day jury trial, Boese was found guilty in this matter and sentenced on December 31, 1998, to serve three years in the Montana State Prison, which is to be served concurrently with the thirty year term imposed for the other offenses. On January 7, 1999, the District Court entered a written order denying his motion to dismiss.

## DISCUSSION

¶7 Did the District Court err when it denied the motion to dismiss for denial of Boese's right to a speedy trial?

¶8 Whether a defendant has been denied a speedy trial constitutes a question of constitutional law. *City of Billings v. Bruce,* 1998 MT 186, ¶ 17, 290 Mont. 148, ¶ 17, 965 P.2d 866, ¶ 17; *see also State v. Small* (1996), 279 Mont. 113, 116, 926 P.2d 1376, 1378. We review a district court's interpretation of the law to determine if its determination is correct.

¶9 The Sixth Amendment and Article II, Section 24 of the Montana Constitution guarantee a criminal defendant's right to a speedy trial. The right to a speedy trial is unique in that it protects both the State and the defendant, as well as the general societal interest of efficiency of how we analyze speedy trial claims in Montana in order to provide a practical guide for future actions.

¶10 In *Bruce*, we concluded that we should first consider the length of delay from the time charges are filed until the defendant's trial. We held that 200 days was sufficient to trigger

further speedy trial analysis. *Bruce*, ¶ 55. Next, consideration of the reason for the delay and allocation of blame is performed. We concluded in *Bruce* that "when it has been demonstrated 275 days of delay is attributable to the State, the burden should shift to the State to demonstrate that the defendant has not been prejudiced by the delay." *Bruce*, ¶ 56.

¶11 In this case, the State admits that the length of delay before trial is sufficient to bring about a speedy trial analysis. Of the 761 total delay, 176 days were attributable to the State because the arresting officer failed to return the served arrest warrant, and 289 days were institutional delay which is also assigned to the State. The third consideration is whether Boese asserted his right in a timely manner. The State concedes that he did so. Finally and most importantly, we consider whether there was prejudice to Boese from the delay.

¶12 According to *Bruce*, the burden shifted to the State to prove that prejudice did not result from the delay. *Bruce*, ¶ 56. We evaluate prejudice based on the three interests that speedy trials are supposed to protect: (1) prevention of oppressive pretrial incarceration; (2) minimization of the defendant's anxiety and concern; (3) avoidance of impairment of the defense. *Bruce*, ¶ 19.

¶13 Boese contends that the District Court erred by not properly shifting the burden to the State to prove that no prejudice occurred. We must conclude otherwise from the record. In the District Court's order regarding Boese's motion to dismiss for violation of his right to a speedy trial, the District Court stated that "in the present case, because the delay attributable to the State exceeds the 275 day threshold, the State bears the burden of showing the Defendant was not prejudiced by the delay in trial." Nor has the State denied its burden.

¶14 To review whether that burden was satisfied, we must first consider pretrial incarceration. The State argues, and the District Court agreed, that because Boese was incarcerated on other charges for most of the time he was incarcerated prior to trial, he was not subject to oppressive pretrial incarceration based on the charges in this case. Boese was released on bail following the charge which is the subject of this appeal and returned to jail only after being charged with other offenses. Therefore, we agree with the District Court that his pretrial incarceration from the charges in this case was not prejudicial or oppressive.

¶15 The second factor to be considered is the amount of anxiety and concern caused by the pretrial delay. Anxiety and concern are an inherent part of being charged with a crime.

*Bruce*, ¶ 27. However, the likelihood of anxiety from delay in this case is contraindicated by the frequency with which Boese changed his plea and, therefore, added to the delay. It is more likely, as the District Court points out, that any increased anxiety or concern felt by Boese was based on the more serious unrelated charges facing him.

¶16 Finally, we examine whether there was damage to Boese's defense. "*Barker* explicitly recognized that impairment to one's defense is the most difficult form of speedy trial prejudice to prove because time's erosion of exculpatory evidence and testimony can rarely be shown." *Doggett v. United States* (1992), 505 U.S. 647, 112 S.Ct. 2686, 120 L. Ed 520. Conversely, prejudice is difficult to disprove. Impairment to one's defense is most likely to occur when defense evidence is dependent upon witness testimony. However, unlike *Bruce* where "the nature of the charge [was] very fact-sensitive, and Bruce's defense depended on *all* the parties' and witnesses' recollection of the period," this case depended primarily on documentary evidence and the interpretation of that evidence. *Bruce,* ¶ 72. Boese did not call any witnesses, nor testify himself. Throughout the entire period prior to trial, Boese did not produce a witness list or suggest to anyone that he planned on calling any witnesses in his defense. Furthermore, the evidence of his guilt consisted of the many bad checks that he had written and testimony from the recipients of the bad checks. The evidence that Boese violated § 45-6-316, MCA, is not evanescent and, therefore, not likely to change because of the trial delay. These facts were sufficient to discharge the State's burden of disproving prejudice. And, while normally prejudice must be analyzed based on the pre-trial posture of a case and decided prior to trial (see *Bruce*), we conclude that the failure to rule on the motion before the trial was not a reversible error because Boese waived any objection when he consented to the District Court ruling on the matter after the trial concluded.

¶17 For the foregoing reasons, we affirm the order of the District Court which denied Boese's motion to dismiss.

/S/ TERRY N. TRIEWEILER

We Concur:

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

/S/ PATRICIA COTTER

/S/ JIM RICE