No. 01-111

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 192N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

RICHARD POUNDS,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

Honorable Susan P. Watters, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Gary E. Wilcox, Attorney at Law, Billings, Montana

For Respondent:

Honorable Mike McGrath, Attorney General; Ilka Becker,

Assistant Attorney General, Helena, Montana

Dennis Paxinos, County Attorney, Billings, Montana; Julia

Swingley, Special Deputy County Attorney, Helena, Montana

Submitted on Briefs: July 26, 2001

Decided: September 19, 2001

Filed:

_____

Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 The Defendant, Richard Pounds, appeals from the District Court's denial of his motion to dismiss for lack of speedy trial. The sole issue raised by Pounds on appeal is whether the District Court erred by denying Pounds' speedy trial motion without first conducting an evidentiary hearing to determine the reasons for the delay. We affirm the District Court.

## BACKGROUND

¶3 On April 8, 1999, Richard Pounds was charged by Information in the District Court for the Thirteenth Judicial District in Yellowstone County with felony common scheme theft in violation of § 39-51-3203, MCA, and § 45-6-301(2)(a), (7), and (8), MCA. The Information alleged Pounds had filed false claims for unemployment benefits. An arrest warrant was issued on April 8, 1999, and was served on Pounds on April 16, 1999. He posted bond and was released on April 17, 1999. Pounds was arraigned on April 20, 1999, and he entered a not guilty plea, requesting a jury trial.

¶4 The trial was originally scheduled for August 30, 1999, but was vacated at the request of defense counsel on the grounds that a plea agreement was being negotiated. A change of plea hearing was then scheduled for September 15, 1999, but was also vacated at the request of defense counsel. The District Court record does not reflect the reason for this request. When plea negotiations were ultimately unsuccessful, the State moved for a new trial date on January 31, 2000, and a trial was set for May 8, 2000.

¶5 On April 28, 2000, Pounds filed a motion to dismiss for lack of speedy trial. The State filed its response to the motion on May 3, 2000, and on May 4, 2000, the District Court issued an order denying the motion. Pounds filed a motion for reconsideration and requested an evidentiary hearing on his motion. Pounds' motion for reconsideration and request for an evidentiary hearing were denied by the District Court on June 5, 2000. On June 9, 2000, pursuant to a plea agreement, Pounds pled guilty to the charge, reserving the right to appeal the speedy trial issue.

## DISCUSSION

¶6 Did the District Court err in denying Pounds' motion to dismiss for lack of speedy trial without first conducting an evidentiary hearing to determine the reasons for the delay?

¶7 Pounds has specifically tailored his argument, indicating that he is not asking this Court to hold that his speedy trial right was violated, only that the District Court erred in ruling on the question without first conducting an evidentiary hearing to determine the reasons for the delay of his trial. His brief states, "[s]ince the issue in this case is whether the District Court herein should have conducted a hearing to determine the reasons for the delay, presence or absence of prejudice is not an issue."

¶8 Whether a defendant has been denied a speedy trial is a question of constitutional law. We review a district court's conclusions of law to determine if the interpretation of the law is correct. *State v. Boese,* 2001 MT 175, 306 Mont.169; *City of Billings v. Bruce*, 1998 MT 186, ¶ 17, 290 Mont. 148, ¶ 17, 965 P.2d 866, ¶ 17. However, Pounds has not challenged the District Court's denial of his speedy trial motion on its merits, only the District Court's failure to conduct a hearing. Because there is no statutory mandate for a hearing, the District Court's denial of a hearing is a discretionary matter which is reviewed for abuse of discretion. *State v. Hanson*, 1999 MT 226, 296 Mont. 82, 988 P.2d 299.

¶9 The Sixth Amendment and Article II, Section 24 of the Montana Constitution guarantee a criminal defendant's right to a speedy trial. The United States Supreme Court established the framework for a speedy trial analysis in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S. Ct. 2182, 33 L.Ed.2d 101. We reaffirmed the *Barker* test in *Bruce*. The four factors considered under the *Barker* test are: (1) the length of delay; (2) the reason for delay from the time charges are filed until the defendant's trial; (3) whether the defendant's right to a speedy trial has been timely asserted; and (4) whether the defense has been prejudiced by the delay. *Bruce,* ¶ 19.

¶10 The first consideration is the length of delay from the time charges are filed until the defendant's trial. We have previously held that a delay of 200 days is necessary to trigger further speedy trial analysis. *Bruce,* ¶ 55. In this case, the delay from the time charges were filed until Pounds' trial date was 382 day. Thus, further speedy trial analysis is required.

¶11 The second consideration is reason for the delay. "We conclude that when it has been demonstrated that 275 days of delay is attributable to the State, the burden should shift to the State to demonstrate that the defendant has not been prejudiced by the delay." *Bruce,* ¶ 56. It is the manner of the District Court's determination of this question that Defendant has challenged in this appeal.

¶12 Pounds argues that the District Court abused its discretion when it did not grant him an opportunity to contest the facts contained in the State's brief that attributed part of the delay to him. The District Court denied Pounds' motion within one day after receiving the State's response. Pounds contends, therefore, that "[t]he District Court should have, at the very least, given the defense an opportunity to counter the State's factual assertions by way of counter-affidavits," and preferably, conducted a hearing.

¶13 Although the District Court initially attributed some delay to Pounds, it ultimately decided the issue on the assumption that the entirety of the delay was attributable to the State. Therefore, any factual disputes about the allocation of delay were immaterial to the District Court's speedy trial analysis. Though the State argued that a portion of the delay was attributable to Pounds, the District Court negated this argument by assuming for purposes of its decision that the entirety of the delay was attributable to the State. Thus, it was unnecessary for the District Court to conduct a hearing to determine the reasons for the delay, and was not an abuse of discretion to deny Pounds' request for a hearing.

¶14 Having resolved the issue raised in this appeal, it is not necessary to address the remaining factors of the speedy trial analysis. Therefore, the District Court's order is affirmed.

/S/ JIM RICE

We concur:

/S/ KARLA M. GRAY

/S/ PATRICIA COTTER

/S/ JAMES C. NELSON

/S/ JIM REGNIER