No. 00-212

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 197N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

SHAWN MICHAEL BUTLER,

Defendant and Appellant.

APPEAL FROM: District Court of the Eighth Judicial District,

In and for the County of Cascade,

The Honorable Marge Johnson, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen, Jr. Public Defender's Office, Great Falls, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Ilka Becker, Assistant Montana Attorney General, Helena, Montana; Brant S. Light, Cascade County Attorney, Great Falls, Montana

Submitted on Briefs: May 10, 2001

Decided: September 25, 2001

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. The decision shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of non-citable cases issued by this Court.

¶2 Shawn Michael Butler appeals the decision of the Eighth Judicial District Court, Cascade County, denying his motion to dismiss based on a lack of a speedy trial. Butler pleaded guilty to the offense of criminal sale of dangerous drugs and preserved his right to file this appeal. The District Court entered judgment and sentenced Butler. We affirm the District Court's order.

¶3 Butler raises the following issue on appeal: Did the District Court err in denying Butler's motion to dismiss for lack of a speedy trial?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Butler was arrested and charged on January 16, 1999, based upon an arrest warrant issued by the Eighth Judicial District Court on September 8, 1998. The affidavit supporting the information and order for arrest alleged Butler sold approximately one-half gram of cocaine on July 11, 1997, to a confidential informant who had been "wired" with an electronic recording device that allowed the police to listen in and record any conversation during the transaction. Butler, represented by appointed counsel, pleaded not guilty at his February 4, 1999 arraignment. On February 24, 1999, the District Court reduced the bail and set specific conditions for release; Butler posted bond and was released after 39 days in custody. At the omnibus hearing on April 14, 1999, the court set the date for jury trial at May 24, 1999.

¶5 On May 23, 1999, in response to the State's motion requesting additional time for trial preparation, the District Court continued the trial to October 18, 1999. On September 23, 1999, Butler filed his motion and brief requesting dismissal for lack of a speedy trial, noting the lapse of 275 days between charging and the date of trial. By order dated September 30, 1999, the District Court changed the trial date to October 12, 1999. Butler did not object to the altered trial date, which served to reduce the time between charging and trial to 269 days.

¶6 The hearing on Butler's motion to dismiss was scheduled to precede the trial on October 12, 1999. However, in response to motions from both parties and based upon a plea agreement reached in early October 1999, the District Court vacated the trial date and set October 12, 1999, as the date for a hearing on the change of plea. Butler failed to appear at the change of plea hearing and the District Court set a new hearing date of October 27, 1999. At that time, pursuant to the plea agreement, Butler pleaded guilty to the charge of criminal sale of dangerous drugs in exchange for the State's recommendation of a three-year suspended sentence.

¶7 The District Court verbally denied Butler's motion to dismiss for lack of a speedy trial following oral argument at the change of plea hearing on October 27, 1999, and filed its findings of fact, conclusions of law and judgment on the motion on December 15, 1999. A sentencing hearing was held and the court filed the judgment of conviction and sentencing order on January 6, 2000.

## STANDARD OF REVIEW

¶8 Whether a defendant has been denied a speedy trial is a question of law. This Court reviews a district court's conclusions of law to determine whether the interpretation of the law is correct. *State v. Stuart*, 2001 MT 178, ¶ 11, ___ Mont. ___, ¶ 11, ___ P.3d ___, ¶ 11; *State v. Johnson*, 2000 MT 180, ¶ 13, 300 Mont. 367, ¶ 13, 4 P.3d 654, ¶ 13.

## DISCUSSION

¶9 Did the District Court err in denying Butler's motion to dismiss for lack of a speedy trial?

¶10 A criminal defendant's right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution, and Article II, Section 24, of the Montana Constitution. *See*

*State v. Weeks* (1995), 270 Mont. 63, 71, 891 P.2d 477, 482. We review claims that a speedy trial was denied based on the four-part test established by the United States Supreme Court in *Barker v. Wingo* (1972), 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, and as applied in *City of Billings v. Bruce*, 1998 MT 186, ¶ 19, 290 Mont 148, ¶ 19, 965 P.2d 866, ¶ 19. We retain *Barker*'s four-factor test for weighing claims of violations of the Sixth Amendment right to speedy trial: 1) the length of delay from the time charges are filed until the defendant's trial date; 2) the reasons for delay; 3) whether the defendant's right to speedy trial has been timely asserted; and, 4) whether the defendant has been prejudiced by the delay. *Bruce* ¶ 19 - ¶ 20; *Stuart*, ¶ 12.

¶11 The first prong of the *Barker* test considers the length of delay from the time charges are filed to the defendant's trial date. In *Bruce*, we established a 200-day period between the charging of a criminal offense and the date of trial, calculated with no consideration of fault, as a threshold for delay that "triggers" a speedy trial analysis. *Bruce,* ¶ 55.

¶12 In applying the first prong of the *Barker* test as set forth in *Bruce* to the instant case, we note that the length of delay from Butler's arrest and detention on January 16, 1999, to the time set for trial on October 12, 1999, was 269 days, sufficient to trigger further analysis of whether Butler was denied a speedy trial.

¶13 The second *Barker* factor examines the reasons for delay and we assign responsibility to either the State or the defendant for specific periods of delay. *Bruce,* ¶ 56. Crowded court dockets and consequent difficulty in setting trial dates may occasion unavoidable delay that is the fault of neither party. *See State v. Small* (1996), 279 Mont. 113, 119, 926 P.2d 1376, 1379. For the purpose of speedy trial analysis, we attribute institutional delay caused by scheduling problems to the State. *Small,* 279 Mont. at 119, 926 P.2d at 1379. When the State is responsible for a particularly lengthy delay in trial, we recognize a presumption of prejudice against the defense, as discussed below. *Bruce*, ¶ 56.

¶14 The District Court found the first 128 days between Butler's arrest and the first trial date of May 24, 1999, was institutional delay attributable to the State. And, because the State requested a continuance for additional time to prepare for trial, the court also attributed the subsequent 141 days between the old and new trial dates to the State. We agree that the District Court correctly attributed the entire 269-day delay to the State.

¶15 The third prong of the *Barker* test, whether the defendant's right to a speedy trial has been timely asserted, is satisfied when the defendant invokes the right by demand or

motion any time prior to the commencement of trial. *Bruce,* ¶ 48. Once a motion to dismiss for denial of speedy trial has been made, the district court must rule upon that motion prior to trial. *Bruce, ¶* 57.

¶16 Butler satisfied the third prong of the *Barker* test by timely asserting his right to a speedy trial when he filed his motion with the court on September 23, 1999, to dismiss the action against him based on the lack of a speedy trial.

¶17 The *Barker* test's fourth prong, whether the defendant has been prejudiced by the delay, includes consideration of the three interests the constitutional guarantee of a speedy trial was designed to protect: (a) prevention of oppressive pretrial incarceration; (b) minimization of the anxiety of the defendant and its attendant considerations; and, (c) avoidance of impairment of the defense. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L. Ed.2d at 118.

¶18 We give weight in our analysis to both the length and reasons for trial delay to determine which party bears the burden of proof for the prejudice prong of the *Barker* test. *Bruce*, ¶ 58. Based upon a review of prior case law, we settled in *Bruce* upon a threshold of 275 days of delay attributed to the State as the threshold for the presumption that prejudice against the defendant exists due to the lack of speedy trial. *Bruce,* ¶ 56. In such cases, the State bears the burden to demonstrate the defendant has not been prejudiced by the delay. *Bruce,* ¶ 56. When less than 275 days of delay are attributable to the State, the burden remains on the defendant to prove prejudice. *Bruce,* ¶ 56.

¶19 While the District Court attributed responsibility for the entire 269-day period between charging and Butler's trial date to the State as institutional delay, the time lapse does not meet the 275-day threshold establishing a presumption of prejudice against the defense. Thus, Butler bears the burden to demonstrate prejudice due to lack of a speedy trial due to one or more of the three enumerated factors.

## Oppressive Pretrial Incarceration

¶20 A defendant's right to a speedy trial is not designed to prevent any pre-trial incarceration whatsoever. Rather, *Barker* instructs that the speedy trial right is designed only "to prevent oppressive pre-trial incarceration." *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. Thus, as we have suggested since the *Bruce* decision, the proper inquiry is whether a defendant was "unduly prejudiced by pretrial incarceration." *Johnson*,

¶ 26.

¶21 Butler makes no argument on appeal that he was prejudiced by his initial period of incarceration. At trial, Butler testified he suffered some economic hardship due to lost earnings during incarceration, but he made no showing that confinement in the county jail was oppressive or unduly prejudicial. Butler posted bail and was released from custody after 39 days. Therefore, we hold that the District Court correctly concluded that Butler was not prejudiced by oppressive pretrial incarceration.

*Anxiety and Concern*

¶22 This Court has recognized previously a certain amount of anxiety and concern is inherent in being accused of a crime. *Bruce*, ¶ 56. We also have acknowledged that the existence of anxiety or emotional distress is notoriously difficult to prove. *State v. Olmstead*, 1998 MT 301, ¶ 57, 292 Mont. 66, ¶ 57, 968 P.2d 1154, ¶ 57. Every person charged with a felony offense lives with uncertainty about his or her future liberty since a period of incarceration is always a possibility. *Olmstead*, ¶ 57. Likewise, every person charged with a felony offense could argue that he or she has been stigmatized. *Olmstead,* ¶ 57. Therefore, we focus our inquiry regarding prejudice to the defendant on whether such pretrial anxiety and concern has been aggravated as a result of the delay. *State v. Highpine*, 2000 MT 368, ¶ 28, 303 Mont. 422, ¶ 28; 15 P.3d 938, ¶ 28 (citing *State v. Williams-Rusch* (1996), 279 Mont. 437, 452, 928 P.2d 169, 178).

¶23 Butler contends that the delay in adjudication of his case prejudiced him because he suffered from depression "to the extent that it became apparent to his family." Butler's father testified he noticed "a difference" in his son's demeanor after his son's incarceration, although he observed no change in Butler's behavior. Butler testified his coworkers and employers treated him differently because he had been charged with criminal sale of dangerous drugs. However, Butler continued to work for his prior employer after his release from the county jail and his ability to earn a living had not been affected by the continuance in the trial date. Butler's counsel argued that "the whole process" had impacted Butler emotionally, without alleging any specific aggravation of Butler's condition due to trial delay. While Butler asserts his depression was apparent to his family and affected his relationships, he fails to present any evidence specifically linking his depression to the denial of his right to a speedy trial. Thus, we will not disturb the District Court's finding that the level of anxiety and concern presented in evidence by Butler can be attributed to being charged with a serious drug offense, and does not indicate

aggravation due to the length of delay awaiting trial.

*Impairment of the Defense*

¶24 The right to a speedy trial is designed to shield against impairment of the defense, which we have recognized as the most serious type of prejudice to the defendant. *Bruce,* ¶ 19 (citing *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118). Witnesses can die or disappear during the trial delay; other witnesses may be unable to recall accurately events of the distant past. *Barker,* 407 U.S. at 532, 92 S.Ct. at 2193, 33 L.Ed.2d at 118. Loss of evidence due to delay is a primary interest of the defendant protected by the right to a speedy trial. *Bruce,* ¶ 19.

¶25 At the hearing on the motion to dismiss for lack of a speedy trial, Butler's counsel stated that he was prepared for trial on October 12, 1999. Butler concedes on appeal that he suffered no damage to his case because of the delay. Thus, we hold that the District Court was correct in concluding that Butler was not prejudiced by an impaired defense due to pretrial delay.

## CONCLUSION

¶26 No single factor of the *Barker* analysis is determinative, and each must be weighed in light of the facts of the case. *Stuart,* ¶ 27; *Bruce,* ¶ 75 (citations omitted). As discussed above, the delay in this case was sufficient to trigger speedy trial analysis and Butler asserted his right to a speedy trial in a timely manner. Due to the institutional nature and length of the delay, Butler bore the burden to prove prejudice. The District Court properly balanced the three factors of prejudice and concluded that Butler failed to establish prejudice due to pretrial delay. Accordingly, we hold that the District Court did not err in denying Butler's motion to dismiss for lack of a speedy trial.

¶27 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ PATRICIA COTTER

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ JIM RICE